129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diego Manuel TENORIO-DUARTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70854.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Nov. 6, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aiz-qfy-fwe.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Diego Manuel Tenorio-Duarte, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") decision denying his request for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 3
 Tenorio-Duarte contends that the IJ abused his discretion by finding that Tenorio-Duarte's deportation would not result in extreme hardship. We disagree.
 
 
 4
 Because the BIA incorporated the IJ's reasoning, we treat the IJ's denial of suspension of deportation as the BIA's and review the IJ's decision for abuse of discretion. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 5
 An alien seeking suspension of deportation must show that deportation will result in extreme hardship to himself or to his qualifying spouse, parent or child. See 8 U.S.C. § 1254(a)(1). The BIA has "discretion to construe 'extreme hardship' narrowly ... as long as it considers all factors relevant to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (citations omitted).
 
 
 6
 Here, the IJ did not abuse his discretion in determining that Tenorio-Duarte failed to demonstrate the extreme hardship necessary for suspension of deportation. The IJ considered Tenorio-Duarte's hardship factors individually and collectively, including his long-term residence with his sisters in the United States, the possibility of finding work in Nicaragua, his community ties, and the needs of his three children in Nicaragua, the youngest of whom he had never even met. Accordingly, the IJ did not abuse his discretion by denying Tenorio-Duarte's request for suspension of deportation. See id. at 499.
 
 
 7
 Tenorio-Duarte also contends that the BIA erred by adopting the IJ's decision without a more extensive recitation of the reasons for its decision. However, the BIA is permitted to use the IJ's words rather than its own to justify its decision in a particular case. See Alaelua, 45 F.3d at 1382. Accordingly, the BIA did not err by adopting the IJ's opinion. See id.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government contends that Tenorio-Duarte does not meet the seven year continuous physical presence requirement under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, Div. C, 110 Stat. 3009. Because we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the IIRIRA